WILLIAM H. COLLINS *vs*. WINSLOW M. BRACKETT.

December 5, 1885.

**False Imprisonment—Justification of Officer—Form of Warrant of Commitment.** — It is not necessary that a warrant of commitment, under which one is confined in jail to await the action of a grand jury, set forth, as in an indictment, all of the facts essential to constitute a crime. It is enough if it clearly designates the offence of which the prisoner is accused, and shows that, upon examination before the committing justice, it had appeared that such offence had been committed, and that there was probable cause to believe the accused to be guilty thereof. Such process is a justification to the officer who executes it.

Plaintiff brought this action in the district court for Hennepin county, to recover damages for alleged false imprisonment. The answer of the defendant admitted the imprisonment, and justified the same under the warrant of commitment recited in the opinion. The reply admitted that defendant was sheriff of Hennepin county, that the warrant of commitment was issued as alleged in the answer, and that the defendant imprisoned the plaintiff under such warrant. Upon defendant's motion, judgment in his favor upon the pleadings was directed by *Lochren, J.*, from which plaintiff appeals.

*F. E. Latham* and *Ueland, Shores & Holt,* for appellant.

*Fish, Evans & Holmes,* for respondent.

DICKINSON, J.   The defendant, as the sheriff of Hennepin county, imprisoned the plaintiff in the jail of that county by authority of a commitment from a justice of the peace of Wright county, committing the plaintiff to confinement in that county.   The jail of Wright county being insufficient, one of the judges of the district court, as authorized by statute, made' an order to the effect that the commitment be executed by the imprisonment of the plaintiff in Hennepin county.   The only question here presented is as to whether the process from the justice of the peace was so defective, by reason of the offence charged being insufficiently stated, as to deprive the defendant of the protection from liability which the law extends to ministerial officers executing valid process in accordance with their official duty.

That part of the process claimed to be defective is in substance as follows: "Whereas, W. H. Collins was, on the 28th day of April, A. D. 1885, charged, on the oath of Tacreda Parra, with having, on the second day of February, 1885, àt the said county of Wright, committed the crime of disposing of and taking away property mortgaged to this complainant, to wit, one set of bob-sleighs, and one three-springed buggy, with pole and shafts; said mortgage having been duly recorded with the town clerk of the town of Woodland, in said county, on the 30th day of January, 1885   *   *   *;  that said taking away was done by said defendant with intent to defraud, and without the written consent of this complainant, against the form of the statute in such case made and provided, and against the peace   *   *   *;  and whereas, upon an examination held before the undersigned, one of the justices of the peace,   *   *   *   it appeared that said offence had been committed, and there was probable cause to believe the said W. H. Collins guilty thereof," etc.

The recital as to the offence contained in this commitment would have been insufficient for the purpose of an accusation by indictment, for the reason, if for no other, that it does not set forth the fact, which is an essential element of the statutory offence, that the accused was the person who had mortgaged the property.   Gen. St. 1878, *c.* 39, § 14.   But at the common law it was not necessary that such process

set forth the offence with the same precision as was necessary in an indictment. 1 Chit. Crim. Law, 109; *Rex* v. *Croker*, 2 Chit. 138; (18 E. C. L.) It was deemed sufficient if it set forth the particular species of crime "with convenient certainty," or so as to distinguish the nature of the offence; as "for felony for the death of J. S.;" or "for burglary, in breaking the house of J. S." 2 Hale, P. C. 122; Burn's Justice, tit. "Commitment;" 1 Chit. Crim. Law, 111. And it is said in 1 East, P. C. 310, that, "though the cause be not expressed with sufficient particularity, the officer is justified if enough appear to show that the magistrate had jurisdiction over the subject-matter. This must, however, be understood of a warrant containing all the essential requisites of one." And see 1 Hale, P. C. 460; Roscoe, Crim. Ev. 756; 1 Russell on Crimes, 802. In South Carolina, in *State* v. *Killet*, 2 Bailey, 289, a warrant of commitment was held sufficient which recited the offence as "passing a counterfeit bank-note, knowing it to be such." See, also, *State* v. *Everett*, and *State* v. *Potter*, 1 Dudley, (So. Car.) 295; and *State* v. *Jones*, 88 N. C. 671; *Pratt* v. *Bogardus*, 49 Barb. 89.

We find nothing in our statute modifying the rule of the common law as to the requisites of such process. It was not necessary that the commitment set forth the facts constituting the offence particularly, as in an indictment or other criminal accusation, to which the accused is to plead, and upon which he is to be tried and his guilt or innocence determined. For the purpose of this process the recital was sufficient. It clearly designated the offence of which the plaintiff was accused, and for which he was held to answer, as being the offence declared by the statute to which we have referred. Gen. St. 1878, c. 39, § 14. It is impossible to construe it as referring to anything else; and, while it does not set forth every ingredient in the statutory offence, it contains specifications enough to indicate, not only the general nature of the crime charged, but the particular act of which the plaintiff was accused.

It being further recited that, upon examination before the justice, it had appeared that the offence indicated had been committed, and that there was probable cause to believe the accused to be guilty thereof, the warrant showed, upon its face, proper cause for holding

to bail, and for commitment in default of bail. Gen. St. 1878, c. 106, § 18. It justified the officer in executing it as commanded. The claim of the plaintiff that the process was defective, affording no protection to the officer, cannot be sustained except by holding it to be necessary for his justification to set forth in such process every fact essential to constitute the offence. We think this is not the law.

Judgment affirmed.