STATE ex rel. HECTOR BRAY v. WILLIAM HOOLIHAN.[1]

April 16, 1908.

Nos. 15,588—(145).[2]

**Warrant of Commitment.**

A warrant of commitment is sufficient, if it clearly designates the offense of which the prisoner is accused, and shows that, upon examination before the committing justice, it had appeared that such offense had been committed, and that there was probable cause to believe the accused to be guilty thereof.

Upon the petition of Hector Bray showing that he was imprisoned in the county jail of Itasca county by the sheriff of that county, as stated in the opinion, a writ of habeas corpus was issued from the district court of that county. The sheriff made return thereto, as described in the opinion, and after a hearing before the court commissioner of the county the latter ordered the immediate discharge of the prisoner. From this order the sheriff appealed. Reversed.

*Alfred L. Thwing,* for appellant.

PER CURIAM.

Appeal from an order of the district court of the county of Itasca in habeas corpus proceedings, made by the court commissioner of the

[1] Reported in 115 N. W. 1037.     [2] April, 1908, term calendar.

county, discharging the relator from the custody of the respondent, as sheriff.

The petition for the writ alleged that the relator was unlawfully restrained of his liberty by the sheriff by virtue of an alleged void commitment issued by a justice of the peace. The commitment recited, in substance, that the relator had been brought before the justice issuing it, charged on the oath of Martin Knapp with having, on January 17, 1908, in said county, committed the offense of grand larceny; that in the progress of the trial on the charge, it appearing to the justice that the relator had been guilty of the offense of committed at the time and place aforesaid, of which offense the justice had not final jurisdiction, that, after examination had in due form of law, touching the charge and offense last aforesaid, the justice did adjudge that the offense had been committed, and that there was probable cause to believe the relator to be guilty thereof; that he had not offered sufficient bail—and commanding the sheriff to convey the prisoner to the common jail of the county, and as keeper thereof to detain him there until thence discharged according to law.

The sheriff made return to the writ of habeas corpus, admitting the detention, and in justification thereof he set out in full the proceedings in justice court, including the complaint, the warrant and return thereon, and the justice's docket entries, also an amended commitment, bearing the same date as the original, issued and delivered by the justice to the sheriff, after the commencement of the habeas corpus proceedings, but before he made his return. He further made return that he then detained the relator by virtue of such proceedings and the original and amended commitment. The amended commitment was regular in all respects. The return of the sheriff was not traversed and stands admitted.

A warrant of commitment is sufficient if it clearly designates the offense of which the prisoner is accused, and shows that, upon examination before the committing justice, it had appeared that such offense had been committed, and that there was probable cause to believe the accused to be guilty thereof. Collins v. Brackett, 34 Minn. 339, 25 N. W. 708. If the surplus word "of," between the words "offense" and "committed," were omitted in the original commitment, there could not be, under the rule stated, any possible question of its sufficiency.

That the word "of," as used in the original commitment, is harmless surplusage, is obvious; for the "last aforesaid offense," which the commitment recites that the justice found had been committed, and that there was probable cause to believe that the relator committed, necessarily refers to the crime of grand larceny "committed at the time and place aforesaid"; that is, "on the 17th day of January, 1908, in said county." We hold the original commitment valid.

Even if it were otherwise, the court commissioner erred, in view of the admitted facts set forth in the sheriff's return, in absolutely discharging the relator. R. L. 1905, § 4588; State v. Miesen, 98 Minn. 19, 106 N. W. 1134, 108 N. W. 513.

Order reversed.