[Criminal No. 330.   Filed June 4, 1913.]

[133 Pac. 99.]

PAUL FERTIG, Appellant, v. STATE OF ARIZONA, Respondent.

1. STATUTES—CONSTRUCTION.—The construction placed upon the statutes adopted from the state of California by the California courts is entitled to great weight in construing them.

2. CRIMINAL LAW—ARREST—NECESSITY OF COMPLAINT.—A complaint is necessary in order to authorize a magistrate to issue a warrant of arrest.

3. INDICTMENT AND INFORMATION — COMPLAINT — DESCRIPTION OF OFFENSE.—Since under the direct provisions of Penal Code of 1901, section 769, as amended by Laws of 1912, chapter 35, section 3, a magistrate may hold accused for any public offense which he has no jurisdiction to try so that an order of commitment may be made for

a different offense than that charged in the complaint on which an information is issued, the prosecuting officer cannot look to the complaint for the offense to be charged in the information, but must look to the commitment.

**4.** CRIMINAL LAW—PRELIMINARY PROCEEDINGS—COMMITMENT—DESCRIPTION OF OFFENSE.—Description of a well-known offense by its generic name, as the offense of arson, murder, etc., reasonably charges the existence of all essential elements of the offense.

**5.** CRIMINAL LAW — PRELIMINARY PROCEEDINGS — COMMITMENT — DESCRIPTION OF OFFENSE.—It is not sufficient to describe the crime for which accused is committed in the order of commitment merely as a "felony."

APPEAL from a judgment of the Superior Court of the County of Yuma. Frank Baxter, Judge. Reversed and remanded.

The facts are stated in the opinion.

Mr. Peter T. Robertson and Mr. Clement H. Coleman, for Appellant.

Mr. G. P. Bullard, Attorney General, and Mr. Leslie C. Hardy, Assistant to the Attorney General, for Respondent.

ROSS, J.—Appellant was prosecuted by information charging him with the crime of rape. Upon his arraignment he moved the court to set aside the information on the ground that before the filing thereof the defendant had not been legally committed by a magistrate. The motion to set aside was denied and the trial resulted in the conviction of appellant. In his brief herein he assigns many errors, but we shall consider only the one denying the motion to set aside the information.

An inspection of the records as made up in the preliminary hearing discloses: That appellant was, on December 9, 1912, by a sufficient complaint, charged with the crime of rape. That on the 11th of December, 1912, the defendant being present in person and by counsel, a hearing was had in which witnesses on behalf of the state were sworn and testified. That the defendant offered no testimony. Whereupon the magistrate made the following order: "It appearing to me that the crime of felony has been committed on or about the 7th day of December, 1912, in the county of Yuma, state of

Arizona, and that there is sufficient cause to believe that Paul
Fertig is guilty thereof, I order that he, the said Paul Fertig,
be held to answer the same, and that he be admitted to bail
in the sum of one thousand dollars and that he be committed
to the sheriff of the county of Yuma, until he give such or be
otherwise legally discharged. The appellant contends that
this order of commitment is void in that it fails to show the
crime for which he was held, or that he was held for any
crime.

Section 769, Penal Code of 1901, as amended by section 3,
chapter 35, First Session State Legislature, reads as follows:
"If, however, it appears from the examination that any public
offense which the justice's court has no jurisdiction to try
and determine has been committed, and there is sufficient
cause to believe the defendant guilty thereof, the magistrate
shall enter an order in his docket to the following effect: 'It
appearing to me that the crime of (stating generally the
nature thereof, and as nearly as may be the time and place
where the same was committed) has been committed and that
there is sufficient cause to believe A. B. guilty thereof, I order
that he be held to answer the same.' When a defendant has
been examined and committed as heretofore provided in this
section, it shall be the duty of the county attorney, within
thirty days thereafter, to file in the superior court of the
county in which the offense is triable, an information charging
the defendant with such offense. The information shall be in
the name and by the authority of the state of Arizona, and
subscribed by the county attorney, and shall be in form like
an indictment for the same offense." The first sentence of
the above section is the same as section 872 of the Penal Code
of California, except that in the latter it is provided that the
order may be indorsed on the complaint, instead of being en-
tered in the docket. The last sentence in the above section
is in all material ways identical with section 809 of the Cali-
fornia Penal Code.

Section 862, Penal Code of 1901, as amended by section 33,
chapter 35, Laws of 1912, First Session, is as follows: "The in-
dictment or information must be set aside by the court in
which the defendant is arraigned, upon his motion, in either
of the following cases: . . . If it be an information: 1. That
before the filing thereof the defendant has not been legally

committed by a magistrate. . . . '' This last section is the same as section 995, California Penal Code.

Prosecutions by information were not permitted under territorial rule, but upon admission to statehood, our constitution having provided for prosecutions by information, the legislature amended our criminal laws in the respects above indicated, and in doing so adopted the California statutes on that subject. The construction placed upon these statutes by the California courts we regard as very persuasive, and, indeed, entitled to great weight. 36 Cyc. 1154, 1155, and 1156.

If the information were based on the complaint filed with the committing magistrate and not on the order of commitment, the action of the trial court in denying motion to set aside was correct. A complaint in the first instance is necessary in order to confer jurisdiction on the magistrate to issue a warrant of arrest. *Ex parte Dimmig,* 74 Cal. 164, 15 Pac. 619.

The order of commitment may be for an entirely different offense from that charged in the complaint. The magistrate may hold defendant for ''any public offense'' of which he has no jurisdiction to try and determine. As was said in *People* v. *Staples,* 91 Cal. 23, 27 Pac. 523, ''Even if the offense charged in the information was, as claimed, totally different from that laid in the complaint, it would not affect the sufficiency of the information, since as we have seen, the information does not depend on the complaint, but upon the commitment. . . . It is not claimed, and it cannot be, that the commitment must follow the complaint, for the statute and the decisions of this court are directly to the contrary. It is the duty of the magistrate to hold the defendant to answer for the offense proved, whatever may have been the offense charged.'' *People* v. *Wheeler,* 73 Cal. 255, 14 Pac. 796. It is clear, therefore, that the prosecuting officer could not look to the complaint in this case and rely solely upon it as to the offense to be charged in the information. This has always been the rule in California, and was first announced in *People* v. *Lee Ah Chuck,* 66 Cal. 662, 6 Pac. 859, in which the court said: ''If the depositions are not returned, the district attorney must proceed by information for the offense designated by the magistrate, for the reason that there is no testimony on which he can exercise his judgment.'' The later decisions of Cali-

fornia are to the effect that the prosecuting officer in preparing an information is a mere ministerial officer exercising no discretion or judgment as to the offense to be charged, and is restricted to filing information for the offense designated by the magistrate in his commitment. *People* v. *Nogiri,* 142 Cal. 596, 76 Pac. 490; *Ex parte Fowler,* 5 Cal. App. 549, 90 Pac. 958. This latter rule is adhered to by the following courts: *State* v. *Boulter,* 5 Wyo. 236, 39 Pac. 883; *Yaner* v. *People,* 34 Mich. 286; *Brown* v. *People,* 39 Mich. 37; *People* v. *Evans,* 72 Mich. 367, 40 N. W. 473; *People* v. *Bechtel,* 80 Mich. 623, 45 N. W. 582; *People* v. *Pichette,* 111 Mich. 461, 69 N. W. 739; *State* v. *McGreevey,* 17 Idaho, 453, 105 Pac. 1047; *Williams* v. *State,* 6 Okl. Cr. 373, 118 Pac. 1006.

Section 30, Declaration of Rights, Arizona constitution, reads: "No person shall be prosecuted criminally in any court of record for felony or misdemeanor, otherwise than by information or indictment; no person shall be prosecuted for felony by information without having had a preliminary examination before a magistrate or having waived such preliminary examination."

In *State* v. *McGreevey, supra,* the court said: "After an examination of the various constitutional and statutory provisions of the different states on this subject and the construction placed upon them by the highest courts of the states, we conclude that the general and prevailing opinion is to the effect that where the statute or constitution says that 'no information shall be filed against any person until such person shall have had a preliminary examination,' or until 'after a commitment by a magistrate,' such provision has the effect of prohibiting the filing of an information for any other offense than that for which the accused was held by the committing magistrate."

If, then, the prosecuting officer in this case must look to the commitment for his authority to file the information, he will find therein that the defendant was committed on a charge of "felony." The word "felony" has reference to the grade of crime and not its nature or ingredients. Our statute, Penal Code of 1901, section 17, defines a felony as a crime which is punishable with death or by imprisonment in the territorial (state) prison. Among the crimes denounced as felonies in the Penal Code are treason, bribery, rescues, escapes, perjury,

murder and its degrees, mayhem, kidnaping, robbery, rape, forgery, larceny, and many others. How, then, can this officer, whose duty it is to file the information, determine from the order of commitment, where it commits, as in this case, simply for a "felony," which one of the many crimes defined by statute as felonies was intended by the magistrate? He may not look to the complaint to aid him, for the magistrate may hold the defendant for any public offense the merits of which he cannot try. Section 769, *supra,* requires the magistrate to enter an order in his docket that a crime has been committed "stating generally the *nature* thereof," etc.

The word "felony" as used in the commitment in this case clearly does not state the "nature" of the crime for which the defendant was held. However, the law seems to be well settled that "the description of an offense well known to the law by its generic name, as the offense of arson, burglary, larceny or murder, by reasonable inference indicates the existence of all the essentials of the offense. That is just as true of a mere statutory offense when it has a name which individualizes it and points with reasonable certainty to the statute on the subject." *State* v. *Huegin,* 110 Wis. 189, 230, 231, 62 L. R. A. 700, 85 N. W. 1046; *Collins* v. *Brackett,* 34 Minn. 339, 25 N. W. 708; *In re Kelly* (C. C.), 46 Fed. 653; *People* v. *Johnson,* 110 N. Y. 134, 17 N. E. 684.

But it is not sufficient to describe the crime for which the defendant is committed, in the order of commitment, merely as a felony. *State* v. *Huegin, supra.*

Appellant has assigned errors in the admission of evidence, but, if error was committed in that respect, it is not likely to occur again upon another prosecution.

The judgment is reversed and the case remanded for proper action under the law.

FRANKLIN, C. J., and CUNNINGHAM, J., concur.

NOTE.—As to the form and sufficiency of indictments, see note in 3 Am. St. Rep. 279.

As to when an indictment or information may use language of statute in charging crime, see note in 94 Am. Dec. 253.