[Criminal No. 483. Filed November 3, 1920.]

[193 Pac. 22.]

STATE, Appellant, v. CHARLES GARDNER, Sr., Respondent.

1. CRIMINAL LAW—COMMITMENT NEED ONLY STATE GENERAL NATURE OF CRIME AND TIME AND PLACE WHERE COMMITTED.—Under Penal Code of 1913, section 885, there is nothing in the office which a commitment is designed to perform requiring a detailed statement of the circumstances attending the commission of the crime, other than the time or place of the alleged criminal act.

2. CRIMINAL LAW—DESCRIPTION OF CRIME IN COMMITMENT NEED ONLY
   POINT WITH CERTAINTY TO STATUTE ON SUBJECT.—Under Penal
   Code of 1913, section 885, if, in a commitment, the description
   of the nature of a statutory crime points with certainty to the
   statute on the subject, there is a reasonable inference that such
   description indicates the existence of all the essentials of the offense.
3. CRIMINAL LAW—COMMITMENT FOR MAKING APERTURE IN WOODEN
   PIPE-LINE HELD SUFFICIENT.—A commitment stating generally that
   the accused was held for "malicious mischief, a felony, to wit, the
   making of an aperture in a wooden pipe-line, being a pipe of a
   structure used to conduct the water for agricultural purposes,"
   *held* to sufficiently point to the offense defined in Penal Code of
   1913, section 616, although it does not state the purpose or inten-
   tion moving the defendant to make the aperture in the pipe-line;
   the facts being sufficiently stated to comply with section 885.

APPEAL from a judgment of the Superior Court
of the County of Cochise. Alfred C. Lockwood, Judge.
Reversed.

Mr. Wiley E. Jones, Attorney General, for the State.

CUNNINGHAM, C. J.—The respondent was
charged, in a complaint filed in the justice court, with
having wilfully, unlawfully, feloniously and mali-
ciously made an aperture in a wooden pipe-line, "with
the intent, then and there, to injure the same." On
September 2, 1919, the charge was examined into, and
the court entered the following order of commitment:

"It appearing to me that the crime of malicious
mischief, a felony, to wit, the making of an aperture
in a wooden pipe-line, being a pipe of a structure used
to conduct the water for agricultural purposes, has
been committed, to wit, in Lelie Canyon (etc.), Cochise
county, state of Arizona, on or about the thirteenth
day of April, 1919, and that there is sufficient cause
to believe Charles Gardner, Sr., guilty thereof."

The order holding Charles Gardner, Sr., to answer
for said crime in the superior court of said county,
follows with the usual order fixing bail. The informa-
tion, so far as is material to this appeal, is as follows:

" . . . Charles Gardner, Sr., accused by the county attorney of Cochise county . . . by this information of the crime of maliciously injuring and cutting a pipe-line, committed as follows: That said Charles Gardner, Sr., on or about the thirteenth day of April, 1919, . . . did then and there willfully, unlawfully, feloniously and maliciously make an aperture in a wooden pipe-line, with intent then and there to injure the same; the said wooden pipe-line being then and there a structure erected and used for the purpose of conducting water for agricultural purposes, . . ." etc.

The defendant filed the following motion to the information:

"Comes now the defendant, and moves the court to set aside the information herein upon the grounds that before the filing thereof the defendant had not been legally committed by a magistrate."

The court first denied the motion. Thereafter, on October 3, 1919, the court granted the motion and set aside the information. From such order, the state has appealed.

The appellant informs us that the defendant, in support of his motion, successfully contended in the lower court that the commitment did not state any crime known to the law. The respondent does not appear, and we will consider the record from the viewpoint suggested by the Attorney General.

The commitment is substantially in the form required by section 885, Penal Code of Arizona of 1913, if it is stated generally therein the nature of the crime for which the defendant is held to answer, and as nearly as may be, the time and place where the same was committed. There is nothing in the office which a commitment is designed to perform, requiring a detailed statement of the circumstances attending the commission of the crime, other than the time and place of the alleged criminal act. It is intended merely as a protection to the officer executing it, and as showing the authority upon which he restrains the

accused person of his liberty, and as furnishing the
county attorney authority to inform against such ac-
cused person, charging him with the commission of a
crime, the general nature of which is referred to in
the commitment.

If, in the commitment, the description of the nature
of a statutory crime points with certainty to the stat-
ute on the subject, there is a reasonable inference
that such description indicates the existence of all the
essentials of the offense. *Fertig* v. *State,* 14 Ariz. 540,
133 Pac. 99, sustains this view. See 14 Ariz. 545, 133
Pac. 99, and cases cited. In *Quayle* v. *State,* 19 Ariz.
91, 165 Pac. 331, we held, in substance, that if the
commitment contains references which reveal cer-
tainly, definitely and exactly the charge for which the
accused is committed, and the information charges
the commission of the offense so revealed in the com-
mitment, in such case the commitment is sufficient
authority for the filing of the information, and it will
not be dismissed.

The commitment here involved states generally that
the accused is held to answer a crime described as
"malicious mischief, a felony, to wit, the making of
an aperture in a wooden pipe-line, being a pipe of a
structure used to conduct the water for agricultural
purposes." Without any doubt, such description of
the offense for which the accused is held to answer is
no other than the offense defined in section 616, Penal
Code of Arizona of 1913, chapter entitled "Malicious
Mischief." Such description points directly, defi-
nitely and certainly to such statute, and such offense is
the offense examined into and charged in the infor-
mation. It is true that the commitment does not state
the purpose or intention moving the defendant to
make the aperture in the pipe-line, but that was not
necessary to the description of the offense in the com-
mitment. An allegation of intent is necessary to

charge the crime denounced by the statute, and that allegation appears in the information.

The commitment reasonably states the facts which section 885, Penal Code of Arizona of 1913, requires to be stated to authorize the filing of an information charging the commission of a crime defined in section 616, Penal Code of Arizona of 1913, and the court erred in ruling that the defendant had not been granted a preliminary examination of the offense charged in the information. The ruling is reversed, and the cause remanded, with instructions to take such further proceeding in the matter as the law in such cases provides.

Reversed and remanded.

ROSS and BAKER, JJ., concur.