[Criminal No. 852. Filed February 8, 1937.]

[64 Pac. (2d) 1033.]

C. R. DUKE, Jr., Appellant, v. STATE OF ARIZONA, Respondent.

Mr. Thorwald Larson and Mr. E. C. Gorman, for Appellant.

Mr. Joe Conway, Attorney General, Mr. W. E. Polley, Assistant Attorney General, and Mr. H. K. Mangum, County Attorney of Coconino County, for Respondent.

LOCKWOOD, J.— This is an appeal from a judgment of the superior court of Coconino county, sentencing C. R. Duke, Jr., to imprisonment in the penitentiary, after his conviction by a jury of the crime of grand larceny. There are nineteen assignments of error, but we think we need discuss only six legal questions raised by these assignments. In order that we may do so intelligently, it is necessary that we make a brief statement of the background of the case, and of the evidence presented to the jury, taking the latter, of course, in its strongest manner in support of the verdict as, under our oft-repeated rule, we must consider it.

During the month of March, 1936, there was a band of about 1,560 sheep running near what is called the Anderson Canyon, in Coconino county. On the 16th

day of March, the herder in charge of the sheep discovered that a number were missing. He immediately notified his foreman who checked the herd and found there were 74 missing from the particular band. The foreman then trailed the missing sheep from the place where they had their camp a few nights previous for several miles, and discovered by the marks on the ground that they were accompanied by three horses, and at least two men and a dog. The foreman then notified Fred Purcell, who was in general charge of the sheep, and he, in company with several other men, picked up the trail of the sheep, the horses, and the two men and dog with them, and followed it, with only one substantial break, to the ranch of defendant. There he found some 60 or 70 sheep, 30 of which were positively identified by him as being sheep belonging to the owner of the band. The defendant was questioned at the time in regard to the matter, and claimed that he had gotten the sheep from his father, the latter claiming, in turn, that he had purchased them from some Indians. Defendant and one Wayne Cook, who was working for him, were then arrested and taken before a justice of the peace of Flagstaff precinct, where a complaint was filed which charged that defendant and Cook "did then and there willfully, unlawfully and feloniously steal, take and carry away 30 head of sheep. . . . " Both the parties charged were held to answer to the superior court by the magistrate, the commitment alleging:

"It appearing to me that the crime of felony (grand larceny) has been committed . . . and that there is sufficient cause to believe that C. R. Duke, Jr., and Wayne Cook are guilty thereof, . . . "

with the usual formal order following. In due time an information was filed, the charging part of which reads as follows:

"In the name and by the authority of the State of Arizona, C. R. Duke, Jr., and Wayne Cook, are accused by the County Attorney of Coconino County, State of Arizona, by this information, of the crime of felony (grand larceny) committed as follows, to wit: The said C. R. Duke, Jr., and Wayne Cook on or about the 18th day of March, 1936, and before the filing of this information in and at the County of Coconino, State of Arizona, then and there being did, then and there wilfully, unlawfully and feloniously steal, take and carry away thirty (30) head of sheep, said sheep being branded △, and being the personal property of the Concho Livestock Company, a corporation, duly incorporated under the laws of the State of Arizona."

When the case came on for trial, defendant and Cook were not represented by counsel, and stated in open court that they preferred to appear in their own behalf, which request was by the court granted, and the trial proceeded in the usual manner, a verdict of guilty being returned against defendant, and of not guilty as to Wayne Cook.

The first question raised by the assignments of error is that the order of the committing magistrate was insufficient upon which to predicate an information charging grand larceny. Larceny, under our statute, is defined as follows:

" . . . The felonious stealing, taking, carrying, leading, or driving away of the personal property of another," and it is grand larceny "when the property taken or appropriated is of the value exceeding fifty dollars, . . . or is a . . . sheep." Sections 4756 and 4757, Rev. Code 1928.

It is the law of Arizona that when a criminal complaint is filed before a justice court, regardless of the particular offense charged by the complaint, if it appears that any felony has been committed, it is the duty of the magistrate to hold the accused to answer to the superior court, and state in the commitment the crime for which he is held to answer, and the informa-

tion filed by the county attorney must be based upon the crime set forth in the commitment, regardless of the complaint. *Fertig* v. *State*, 14 Ariz. 540, 133 Pac. 99. The commitment clearly states that the defendant was held to answer for the crime of grand larceny. While it was customary in the past for all pleading in criminal cases to state the offense charged with great particularity, in jurisdictions which follow the more modern rule it is generally held that the extreme technical precision of the ancient law is unnecessary, and that it is sufficient in the case of a commitment that the offense charged be stated generally by its legal name, if it has one, and that it is unnecessary that the precise details of the manner in which the crime was committed be set forth therein. *Fertig* v. *State, supra.* We hold, therefore, that the commitment was sufficient to sustain an information charging the crime of grand larceny. The information itself defines the crime charged by its legal name and, in addition thereto, sets forth specifically the facts which constitute the crime under the statute. We think it was amply sufficient to sustain the judgment.

The next objections deal with the sufficiency of the evidence to sustain the verdict and judgment. The ownership of the property alleged to have been stolen is laid in the Concho Livestock Company, a corporation, and it was, of course, necessary for the state to prove the ownership as alleged. It is sufficient in a trial for larceny to show that the alleged ownership was a corporation *de facto* and doing business as such in order to sustain the allegation of ownership. *Webb* v. *State,* 14 Ariz. 506, 131 Pac. 970. Without going into the details of the evidence, we are satisfied there was sufficient to show *prima facie* that not only was the Concho Livestock Company a *de facto,* but also that it was a *de jure* corporation duly

incorporated under the laws of the state of Arizona, and there was no testimony to the contrary.

The next question is whether the sheep in question were sufficiently identified as being the property of the corporation. The witness Purcell, who, as we have stated, was in general charge of the sheep belonging to the company, testified as to the brand which was run by the company and that he examined the sheep found at the Duke Ranch, and 30 of them at least had been originally branded with the company brand, and that it had been obliterated as far as possible and a different brand placed over it. No objection was made to this testimony at any time. It is unnecessary, therefore, for us to pass upon the question as to whether the ownership of the brand was proved in the proper manner.

It also appears that during the course of the trial, the defendant asked that the jury be permitted to go and examine the sheep in question, as obviously they could not well be brought into the courtroom. This request was denied by the court, and it is claimed such action was erroneous. It is the general rule that a view by the jury is a matter within the sound discretion of the trial court. Some of the earlier cases hold that a view of animals alleged to have been stolen should never be granted. *State* v. *Main,* 37 Idaho 449, 216 Pac. 731. We think, however, the more modern and better rule is that if it appears a view of animals charged to be the subject of larceny might be of assistance to the jury in determining the guilt or innocence of a defendant, the matter is within the sound discretion of the trial court. *State* v. *Arnold,* 84 Mont. 348, 275 Pac. 757. We have examined the entire transcript of evidence in this case, and while we think it would not have been error to permit the view, it certainly was not error to deny it. This disposes of the only specific questions of law raised by the assign-

ments of error which we consider it necessary to discuss.

Taking the case as a whole, the chain of circumstantial evidence is such that we are satisfied it was ample to justify the jury in finding as it did that the defendant was guilty of the crime charged. The only defense was that defendant's father had in good faith purchased the sheep from some Indians and turned them over to the defendant, and there was substantial evidence in the record contradicting this testimony.

The judgment of the superior court is affirmed.

McALISTER, C. J., and ROSS, J., concur.